IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET L. PENA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-294J |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 21st day of August, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on March 25, 2002, alleging disability beginning January 1, 2001, due to eye impairments and chronic obstructive pulmonary disease. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on April 7, 2003. On May 27, 2003, the ALJ issued an adverse decision. After reviewing the decision, the Appeals Council remanded the matter to the ALJ for further review. The ALJ held a second hearing on June 7, 2004, at which plaintiff appeared represented by counsel. On July 8, 2004, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 29, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 50 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age

AO 72 (Rev. 8/82)

under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has a high school education. Plaintiff has past relevant work experience as a cafeteria worker, bartender and assembly line worker, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of asthma, degenerative disc disease and osteoporosis of the tail bone and left heel, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a sit/stand option and a number of other limitations. Plaintiff is limited to work that does not involve exposure to temperature extremes, poor ventilation, odors, gases or fumes. In addition, plaintiff has reduced visual capacity (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational

adjustment to other work that exists in significant numbers in the national economy, such as a ticket taker, toy stuffer, injection mold operator or bench assembler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age,

education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by failing to find that her impairments, in combination, equal a listing in Appendix 1. Further, plaintiff asserts that the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

According to plaintiff, the ALJ erred by failing to consider her impairments in combination. Plaintiff states that, in combination, her impairments are equivalent to a listing. Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has asthma, degenerative disc disease and osteoporosis of the tail bone and left heel, which are severe impairments. The ALJ determined, however, that plaintiff does not have an impairment, or combination of impairments, that meets or equals a listed impairment. The ALJ stated that he considered the listings contained in sections 1.02 and 1.04 (relating to musculoskeletal disorders) and 3.02 and 3.03 (relating to respiratory disorders), and he specifically found that plaintiff's condition does not meet or equal the criteria of any listing. The ALJ's decision plainly states that he considered plaintiff's impairments in combination, and he fully explained his reasoning as to why her impairments do not meet or equal any listings. (R. 17).

The ALJ satisfied his burden; however, plaintiff failed to

sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals a listing, plaintiff did not identify any medical evidence of record which establishes that to be so. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); <u>Fargnoli</u>, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on a number of grounds, none of which the court finds persuasive. Plaintiff argues that the ALJ erred at step 5 because: (1) his RFC Finding is not supported by substantial evidence; (2) he did not properly evaluate plaintiff's subjective complaints regarding her limitations and pain; (3) he gave inadequate weight to the opinion

of plaintiff's treating physicians; and (4) his hypothetical question to the vocational expert did not include all of plaintiff's limitations. Each argument will be addressed in turn.

Plaintiff first contends that the RFC Finding is not supported by substantial evidence. To the contrary, in assessing plaintiff's residual functional capacity, the ALJ analyzed in detail the medical evidence of record, along with plaintiff's activities of daily living. (R. 18-20). The ALJ then made an RFC Finding which fully accommodates plaintiff's limitations that are supported by the evidence. The RFC Finding includes a sit/stand option to account for plaintiff's back pain associated with her degenerative disc disease, as well as a restriction from work that involves exposure to temperature extremes, poor ventilation, odors, gases or fumes to accommodate her asthma and breathing problems. (R. 20). After reviewing the record as a whole, this court is satisfied that the RFC Finding is supported by substantial evidence, and plaintiff's argument to the contrary lacks merit.

Plaintiff next claims that the ALJ erred in evaluating her subjective complaints regarding her limitations and pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181

F.3d 429, 433 (3d Cir. 1999). Here, the ALJ analyzed plaintiff's subjective complaints in detail, and he explained why he did not find plaintiff's testimony to be fully credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about her symptoms and statements by her physicians about her symptoms and how they affect her. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 22). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 18-19), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next contends that the ALJ erred by giving inadequate weight to the opinions of her treating physicians. Plaintiff makes this broad assertion without specifying which physician's opinion was afforded inadequate weight. Plaintiff

✎AO 72
(Rev. 8/82)

- 9 -

simply states that she has treatment notes from Dr. Sangiorgio and Dr. Swain, and that Dr. Lukacs also provided extensive care.

A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. A review of the ALJ's decision indicates that he properly considered the reports and opinions of plaintiff's treatment providers. (R. 18-20). The ALJ discussed their reports in detail and relied upon their findings in assessing plaintiff's residual functional capacity. Furthermore, the court notes that none of plaintiff's physicians stated that she was disabled, nor did they identify any work-related restrictions.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not account for her asthma and breathing problems. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding.

Contrary to plaintiff's suggestion, the ALJ accounted for her asthma and breathing problems by limiting her to work that does

not involve exposure to temperature extremes, poor ventilation, odors, gases or fumes. Nonetheless, plaintiff believes that the ALJ should have included a restriction that permitted breaks during the work day so that she could use her nebulizer three times a day for 5-10 minutes at a time. Such a restriction is not warranted because plaintiff testified that she uses a nebulizer in the morning, afternoon and evening. (R. 86). Only her afternoon use occurs during the workday, therefore plaintiff could use the nebulizer on a scheduled lunch hour or afternoon break.

The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                         */s/ Gustave Diamond*
                                         Gustave Diamond
                                         United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    John J. Valkovci
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901